UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDITA IBROCI and NEIL IBROCI, | Case No.: |
| Plaintiffs, | |
| -against- | **COMPLAINT** |
| | Jury Trial |
| IVAN SERGIO IDROVO and JC TRANSPORT INC., | |
| Defendants. | |

Plaintiffs, complaining of the Defendants by their attorneys, THE ROTHENBERG LAW FIRM LLP, upon information and belief, respectfully alleges:

## JURISDICTION AND VENUE

1. Jurisdiction arises under 28 USC §1331 and 28 USC §1332 based on diversity of citizenship in that plaintiffs and defendants are domiciled in different states, and the plaintiffs allege damages in excess of the jurisdictional minimum. Venue is proper in this District pursuant to 28 USC §1332 and 1391, as the events giving rise to the claims herein, occurred in this District. The amount in controversy exceeds $75,000,00.

## PARTIES

2. Plaintiff LINDITA IBROCI is a resident of New York County, City and State of New York.

3. Plaintiff NEIL IBROCI is a resident of New York County, City and State of New York.

4. Defendant IVAN SERGIO IDROVO is a resident of Essex County, State of New Jersey.

5. Defendant JC TRANSPORT INC. was and still a New Jersey corporation with its principal place of business in the State of New Jersey.

6. Defendant JC TRANSPORT INC. was a foreign corporation conducting business in the State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF LINDITA IBROCI AGAINST DEFENDANTS FOR DAMAGES

7. At all times herein mentioned, West 42nd Street at or near its intersection with Dyer Avenue, City, County, State of New York was a public roadway.

8. On March 19, 2014, at approximately 9:03 a.m., at or near the intersection of West 42nd Street and Dyer Avenue, City, County, State of New York, plaintiff LINDITA IBROCI was a lawful pedestrian.

9. At all times herein mentioned, defendant JC TRANSPORT INC. was the registered owner of a 2014 Kenworth truck bearing New Jersey license plate number AP345S.

10. At all times herein mentioned, defendant JC TRANSPORT INC. managed, controlled, maintained and repaired the 2014 Kenworth truck bearing New Jersey State license plate number AP345S.

11. At all times herein mentioned, defendant IVAN SERGIO IDROVO was the operator of the 2014 Kenworth truck.

12. At all times herein mentioned, defendant IVAN SERGIO IDROVO managed, controlled, maintained and repaired the 2014 Kenworth truck.

13. At all times herein mentioned, defendant IVAN SERGIO IDROVO operated the 2014 Kenworth truck with the permission and consent of its owner defendant JC TRANSPORT INC.

14. At all times herein mentioned, defendant IVAN SERGIO IDROVO was an agent, servant and/or employee of defendant JC TRANSPORT INC.

15. At all times herein mentioned, defendant IVAN SERGIO IDROVO was conducting business on behalf of defendant JC TRANSPORT INC.

16. At all times herein mentioned, the 2014 Kenworth truck was operated by defendant IVAN SERGIO IDROVO within the scope of his agency and/or employment on behalf of defendant JC TRANSPORT INC.

17. That prior to and at all the times herein mentioned, defendant JC TRANSPORT INC. negligently hired defendant IVAN SERGIO IDROVO.

18. That prior to and at all times herein mentioned, defendant JC TRANSPORT INC. negligently trained defendant IVAN SERGIO IDROVO.

19. That prior to and at all times herein mentioned, defendant JC TRANSPORT INC. negligently entrusted defendant IVAN SERGIO IDROVO with the 2014 Kenworth truck he was operating at the time of the occurrence.

20. At the aforementioned time and place, defendant IVAN SERGIO IDROVO was operating the 2014 Kenworth truck northbound on Dyer Avenue and was making a left turn to head west on West 42nd Street, City, County, State of New York.

21. At the aforementioned time and place, plaintiff LINDITA IBROCI, was a lawful pedestrian crossing West 42nd Street at its intersection with Dyer Avenue from the southwest corner to the northwest corner of the intersection, in the crosswalk, with the right of way.

22. At the aforementioned time and place, all motor vehicles and trucks making a left turn from westbound Dyer Avenue to westbound West 42nd Street had a duty pursuant to the Vehicle and Traffic Law of the State of New York to yield to all pedestrians that were traversing the same thoroughfare.

23. At the aforementioned time and place, the 2014 Kenworth truck owned by defendant JC TRANSPORT INC. and operated by defendant IVAN SERGIO IDROVO, came into contact with plaintiff LINDITA IBROCI.

24. At or about this same time, the weather was dry and clear and there were no visual obstructions in defendant IDROVO's direction.

25. At the time and place herein mentioned, defendant IDROVO observed plaintiff LINDITA IBROCI prior to striking plaintiff with the 2014 Kenworth truck.

26. At the time and place herein mentioned, defendant IDROVO did not issue any warnings to plaintiff LINDITA IBROCI prior to striking plaintiff with the 2014 Kenworth truck.

27. At the time and place herein mentioned, defendant IDROVO did not take any evasive action prior to striking plaintiff LINDITA IBROCI with the 2014 Kenworth truck.

28. At the aforementioned time and place, IVAN SERGIO IDROVO negligently drove the 2014 Kenworth truck which came into contact with plaintiff LINDITA IBROCI.

29. As a result of the aforesaid contact, plaintiff LINDITA IBROCI was injured.

30. At all times herein mentioned, it was the duty of defendants to own, operate, maintain and control the aforesaid 2014 Kenworth truck in a lawful manner with reasonable care and regard for the general public and plaintiff.

31. Notwithstanding said duty, defendants did then and there so carelessly, recklessly, and negligently own, operate, maintain and control said vehicle and create a hazardous and dangerous condition for the general public and plaintiff.

32. The aforesaid occurrence was caused wholly and solely by reason of the negligence, recklessness and carelessness of the defendants IVAN SERGIO IDROVO and JC TRANSPORT INC., in their ownership, operation, management, supervision, control, maintenance, inspection, repair and/or entrustment of the aforesaid 2014 Kenworth truck and without any fault or negligence on the part of the plaintiff contributing thereto.

33. The defendants IVAN SERGIO IDROVO and JC TRANSPORT INC., were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, entrustment, use and control of the aforesaid 2014 Kenworth truck; in operating the truck at an excessive, unlawful and dangerous rate of speed or at a rate of speed greater than care and caution would permit under the circumstances then and there prevailing; in failing to look; in failing to see what should have been seen; in failing to observe the roadway, traffic conditions and pedestrians thereupon; in failing to give any signal or warning of the truck's approach; in failing to sound horn; in failing to stop; in failing and/or omitting to make proper use of brakes, braking systems and/or steering mechanisms; in failing to inspect and/or negligently inspecting and repairing the aforesaid truck; in failing to yield the right of way; in commencing a left turn without making sure that the roadway was clear of pedestrians in the path of said truck; in striking plaintiff; in operating said truck in a negligent and careless manner; in causing the occurrence complained of

herein; in failing to adhere to New York State Vehicle and Traffic Laws; in violating the laws, rules, statutes, regulations and ordinances of the City, County, State of New York, in such cases as made and provided; and in otherwise failing to use due care, caution, and prudence at the aforementioned location.

34. As a result of the carelessness, and negligence of the defendants, plaintiff LINDITA IBROCI, was caused to sustain severe and permanent personal injuries, was caused to be rendered sick, sore, lame and disabled; was caused to sustain severe pain and suffering; was caused to suffer emotional distress, mental anguish and anxiety; was caused to be confined to home and bed for a period of time and may, in the future be so caused; was caused to seek medical care and attention and may, in the future, be so caused; was caused to undergo extensive diagnostic tests, procedures, and surgery, and may in the future, be so caused; was caused to be incapacitated from her usual duties; was caused to incur medical expenses and may, in the future, be so caused and this plaintiff was otherwise damaged, all of which damages are permanent in nature and continuing into the future.

35. As a direct and proximate result of the defendants' negligence, plaintiff has sustained a serious personal injury and/or impairment which resulted in dismemberment; significant disfigurement; fracture; permanent loss of a body organ, or member; significant limitation of use of a body function or system; loss of normal pursuits and pleasures of life; and/or a medically determined injury or impairment which prevents plaintiff from performing substantially all of the material acts which constituted plaintiff's usual and customary activities for such period of time all as specified by Section 5102 of the Insurance Law, Subsection (d).

36. Plaintiff LINDITA IBROCI sustained serious injuries and economic loss greater than basic economic loss so as to satisfy the exceptions of §5104 of the Insurance Law of the State of New York.

37. This action falls within one or more exceptions set forth in CPLR §1602.

38. As a result of the foregoing, plaintiff, LINDITA IBROCI has been damaged in the amount of THREE MILLION DOLLARS ($3,000,000.00).

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF NEIL IBROCI AGAINST DEFENDANTS FOR LOSS OF CONSORTIUM

39. Plaintiff NEIL IBROCI repeats, reiterates and realleges each and every allegation contained in the paragraphs of this complaint herein with the same force and effect as if the same were set more fully and at length herein.

40. Plaintiff NEIL IBROCI is the husband of plaintiff LINDITA IBROCI and as such, is entitled to her services, society, companionship and consortium.

41. As a result of the negligence and carelessness of the defendants as aforesaid, plaintiff NEIL IBROCI has been deprived of the services, society, companionship and consortium of his wife and was required to care for her and/or to expend funds for her medical care and treatment, and he is informed and believes that in the future, he will be further so deprived and will incur further obligations and expenses, and his wife, LINDITA IBROCI, will continue to suffer herein as described.

42. By reason of the foregoing, plaintiff NEIL IBROCI has been damaged in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

WHEREFORE, plaintiff LINDITA IBROCI demands judgment against the defendants on the first cause of action in the amount of THREE MILLION DOLLARS ($3,000,000.00); and

plaintiff NEIL IBROCI demands judgment on the second cause of action in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), together with interest, the costs and disbursement of this action, and such other and further relief this Court may deem just and proper under the circumstances.

Dated: New York, New York
      February 23, 2017

By: _____
Ross B. Rothenberg, Esq. (RBR-7378)
**THE ROTHENBERG LAW FIRM LLP**
Attorneys for Plaintiff
**LINDITA IBROCI and NEIL IBROCI**
450 Seventh Avenue, 44th Floor
New York, New York 10123
(212) 563-0100

**Case: IBROCI v. IDROVO, et al.**

**ATTORNEY'S VERIFICATION**

STATE OF NEW YORK    )

COUNTY OF NEW YORK  )    SS:

ROSS B. ROTHENBERG, ESQ., an attorney and counselor at law, duly admitted to practice in the Courts of the State of New York and an attorney with the firm of **THE ROTHENBERG LAW FIRM LLP**, attorneys of record for plaintiff herein, affirms the following under the penalties of perjury:

I have read the foregoing **COMPLAINT** and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes it to be true.

That this verification is made by your deponent and not by the plaintiff because the plaintiff resides outside the State and County where your deponent's office is located.

That the source of my information and grounds for my belief are communications, papers, reports and investigations contained in the file.

Dated: New York, New York
       February 23, 2017

                                                              _____
                                                              ROSS B. ROTHENBERG, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDITA IBROCI and NEIL IBROCI, | ) Case No. |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -against- | ) |
| | ) |
| IVAN SERGIO IDROVO and JC TRANSPORT INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**The Rothenberg Law Firm LLP**
*Attorneys for Plaintiffs*
**LINDITA IBROCI and NEIL IBROCI**
*Office and Post Office Address, Telephone*
450 Seventh Avenue
44th Floor
New York, New York 10123
(212) 563-0100

"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"

*Dated:*
*TO:*

**The Rothenberg Law Firm LLP**
*Attorney for Plaintiff(s)*
*450 Seventh Avenue, 44th Floor*
*New York, New York 10123*
*(212) 563-0100*     oij